Argued and submitted June 21, affirmed December 13, appellant's motion for reconsideration filed December 19, 1995, allowed by opinion February 7, 1996
See 139 Or App 75, 910 P2d 1161 (1996)

Jeffrey Wayne KINNEY,
*Appellant,*

*v.*

Karen O'CONNOR,
in her capacity as County Clerk
for the County of Lake and Lake County,
*Respondents.*

(9400357; CA A86224)

907 P2d 257

Charles F. Hinkle argued the cause and filed the brief for appellant.

Marcus K. Ward waived appearance for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

This is an action for declaratory and injunctive relief regarding the validity of an election on an initiative petition proposing to enact a county ordinance that would bar the county from creating classifications based on homosexuality or spending public funds in a manner expressing approval of homosexuality. The trial court denied the relief requested and entered judgment for defendants. We affirm.

Plaintiff filed his complaint on September 16, 1994, seeking a declaration that ORS 659.165(1)[1] prohibits placing the proposed ordinance on the local ballot. Plaintiff also requested an injunction preventing defendants from placing the proposed ordinance "on the November, 1994 ballot, or at any other time, in Lake County for the purpose of enacting the proposed ordinance" or, in the alternative, an injunction preventing defendants from counting the ballots cast at such an election. On October 26, 1994, the trial court entered judgment for defendants, finding that, because at the time the complaint was filed a sufficient number of signatures had not been gathered to qualify the measure for the ballot, the matter was not yet justiciable, and that, in any event, ORS 659.165 does not preclude voters from voting on any initiative measure. On November 1, 1994, plaintiff filed a notice of appeal.

■      At oral argument, counsel for plaintiff reported that the election had been held and defendants had determined that a majority of the voters had cast their ballots in favor of the measure. He nevertheless argued that his request for declaratory relief is not moot. We agree. *See Anthony et al. v. Veatch et al.*, 189 Or 462, 501-04, 220 P2d 493, 221 P2d 575 (1950), *appeal dismissed* 340 US 923 (1951); *DeBoard v. Owen*, 62 Or App 673, 675, 662 P2d 18, *rev den* 295 Or 446 (1983).

---

[1] ORS 659.165(1) provides:

"A political subdivision of the state may not enact or enforce any charter provision, ordinance, resolution or policy granting special rights, privileges or treatment to any citizen or group of citizens on account of sexual orientation, or enact or enforce any charter provision, ordinance, resolution or policy that singles out citizens or groups of citizens on account of sexual orientation."

■ Plaintiff contends that the election was invalid because ORS 659.165 prohibits "enact[ment]" of measures that grant special rights or single out a citizen or group of citizens on the basis of sexual orientation. According to plaintiff, the statutory prohibition on "enacting" such measures precludes even putting them on a local ballot.

The Supreme Court rejected that argument in *Boytano v. Fritz*, 321 Or 498, 508, 901 P2d 835 (1995), holding that

"when the legislature enacted ORS 659.165, it did *not* intend to preclude local *elections* on initiative measures such as the one at issue. Therefore, a local government election on an initiative measure such as the one at issue is not 'contrary' to ORS 659.165, the general law adopted by the state legislature."

(Emphasis in original.)

Citing *City of Eugene v. Roberts*, 305 Or 641, 756 P2d 630 (1988), and *Amalgamated Transit v. Yerkovich*, 24 Or App 221, 545 P2d 1401, *rev den* (1976), plaintiff alternatively argues that, because the measure itself can have no legal effect under ORS 659.165, it should not have been placed on the ballot. The cited cases, however, do not support plaintiff's argument. In *Roberts*, the City of Eugene attempted to place on the local ballot an "advisory question" requesting voters to decide which of two zoning ordinances the city should adopt. The voters were asked to choose one of the two ordinances. Rejection of either or both was not an option. The Supreme Court held that the advisory question was not a "measure" within the meaning of ORS 254.005(7), which defines "measure" as something submitted to the people for the "approval or rejection" at an election, because it permitted a choice between only "approval and approval." 305 Or at 645-46. That decision has no bearing on whether a proposed ordinance may be placed on a local ballot even though that ordinance, if enacted, would violate a statutory prohibition.

*Yerkovich* is equally unhelpful. In that case, the defendants attempted to place on the local ballot a proposed ordinance "approving" the construction of a certain highway to be paid for with federal and state funds. The court held that the proposed ordinance was not a proper subject of the

initiative process under Article IV, section 1(5),[2] because it was "administrative" in nature and was not municipal "legislation." 24 Or App at 225-28. The court recognized that the proposed ordinance would have no binding effect and was only advisory in nature, but that finding was relevant only in the context of determining whether the ordinance was "legislation," not for purposes of determining its substantive validity. *Id.* at 228.

■ In short, neither of the cases cited by plaintiff requires, or even allows, a court to address the substantive validity of a measure prior to its enactment. Indeed, it is a well-established and well-settled principle that courts

> "will not inquire into the substantive validity of a measure—*i.e.*, into the constitutionality, legality or effect of the measure's language — unless and until the measure is passed. To do otherwise would mean that the courts would on occasion be issuing an advisory opinion."

*Foster v. Clark*, 309 Or 464, 469, 790 P2d 1 (1990); *see also Boytano v. Fritz*, 131 Or App 466, 474, 886 P2d 31 (1994), *aff'd* 321 Or 498 (1995); *Lowe v. Keisling*, 130 Or App 1, 15-17, 882 P2d 91 (1994), *rev dismissed* 320 Or 570 (1995). The trial court did not err in denying plaintiff's request for declaratory and injunctive relief.

Affirmed.

---

[2] Article IV, section 1(5), of the Oregon Constitution, provides, in part:

"The initiative and referendum powers reserved to the people by subsections (2) and (3) of this section are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district."